UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AARON DAVID BERLIN,

    Petitioner,

v.                                    Case No. 4:20-cv-354-WS-MJF

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Aaron David Berlin has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 7 (Mot. to Dismiss); Doc. 11 (Suppl.)). Berlin opposes the motion. (Doc. 9 (Reply); Doc. 12 (Suppl.)). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Berlin's petition should be dismissed as untimely.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

In Leon County Circuit Court Case No. 2009-CF-1690, Berlin was convicted of two counts of Sexual Battery on a Child under 12 Years of Age, and one count of Lewd or Lascivious Molestation. (Doc. 7, Ex. 1 (J. and Sentence)).[2] Berlin was sentenced to imprisonment for life. (*Id*.). Judgment was entered on June 9, 2010. (*Id*.).

The Florida First District Court of Appeal ("First DCA") reversed Berlin's conviction for Lewd or Lascivious Molestation (on double jeopardy grounds) and affirmed his two convictions and sentences for Sexual Battery. *Berlin v. State*, 72 So. 3d 284 (Fla. 1st DCA 2011) (per curiam) (copy at Doc. 7, Ex. 5). The First DCA remanded the case to the trial court to vacate Berlin's conviction for Lewd or Lascivious Molestation. (*Id*.).

On December 1, 2011, the trial court entered an amended judgment consistent with the remand. (Doc. 7, Ex. 2 (Am. J. and Sentence)). The amended judgment was entered *nunc pro tunc* to June 9, 2010—the date of Berlin's original judgment. (*Id*. at 9). Berlin did not appeal the amended judgment. (Doc. 7, Ex. 4 (Docket Sheet)).

---

[2] The first Sexual Battery count was based on Berlin's penile penetration of, or union with, the 8-year-old victim's vagina. (Doc. 11-3, Ex. C at 361-62 (Jury Instr.)). The second Sexual Battery count was based on Berlin's penile penetration of, or union with, the 8-year-old victim's anus. (*Id*. at 363).

On November 13, 2012, Berlin filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 7, Ex. 7 (Mot.)). The state circuit court denied the motion on July 17, 2014. (Doc. 7, Ex. 8 (Order)). The First DCA affirmed without opinion. *Berlin v. State*, 175 So. 3d 797 (Fla. 1st DCA 2015) (per curiam) (Table) (copy at Doc. 7, Ex. 10). The mandate issued November 2, 2015. (*Id.*).

On May 29, 2018, Berlin filed another *pro se* motion for postconviction relief under Florida Rule 3.850, which the state circuit court denied on June 28, 2018, as untimely, abusive and successive. (Doc. 7, Ex. 3 (Order)). Berlin did not appeal that order. (Doc. 7, Ex. 4 (Docket Sheet)).

On August 19, 2019, Berlin filed a motion for postconviction DNA testing, which the state circuit court dismissed on October 17, 2019. (Doc. 7, Ex. 4). On October 29, 2019, Berlin filed an amended motion for postconviction DNA testing, which the state circuit court denied on November 14, 2019. (*Id.*). Berlin did not appeal that order. (*Id.*).

Berlin filed his federal habeas petition on June 12, 2020. (Doc. 1 at 1). The petition raises four claims. On October 13, 2020, the State filed a motion to dismiss the petition as time barred. (Doc. 7). In response, Berlin conceded that his petition was filed outside the limitations period. Berlin argues, however, that he satisfies the

actual innocence exception. (Doc. 9). The undersigned directed the State to respond to Berlin's actual innocence argument. (Doc. 10). The State has responded (Doc. 11), and Berlin has replied (Doc. 12).

## II. Discussion

Berlin concedes that his § 2254 petition was filed outside the one-year limitations period provided in 28 U.S.C. § 2244. (Doc. 9 at 1). Berlin argues that he overcomes the limitations bar "due to his claim of AC[T]UAL INNOCENCE contained within the petition." (*Id*.). Berlin explains:

> Specifically, pursuant to Schlup v. Delo, 513 U.S. 298, 324 (1995) and Mc[Q]uig[g]in v. Perkins, 569 U.S. 383 (2013), petitioner asserts that his claim of actual innocence should serve as a gateway through which a petitioner may pass in order to have his otherwise barred claims of error reviewed by the Federal Habeas Court.

(*Id*.).

Berlin's habeas petition presents the following four claims:

> Ground One: Trial counsel was ineffective for failing to impeach the testimony of a detective—that there were injuries to the victim's vagina—with the record of a physical examination of the victim conducted by the Child Protection Team ("CPT"), and with a DNA report prepared by an analyst with the Florida Department of Law Enforcement ("FDLE").

> Ground Two: Trial counsel was ineffective for failing to call an expert witness to provide a defense-favorable interpretation of the CPT physical examination record and the DNA report.
>
> Ground Three: Berlin was denied due process in his direct appeal because the trial transcript was missing one page.
>
> Ground Four: The trial court erred by not requiring corroborating evidence before admitting testimony from a caseworker with the Florida Department of Children and Families that contained hearsay statements.

(Doc. 1 at 10-16). Berlin attached to his petition a copy of the reports referenced in Grounds 1 and 2—the physical examination report prepared by CPT examiner Lynn Steele, and the DNA report prepared by FDLE analyst Suzanne Livingston. (*Id.* at 23-25).

Berlin's only direct reference in his petition to actual innocence is the following statement made in response to a question on the petition form asking why the one-year statute of limitations does not bar his petition:

> I don't know, because I'm innocent, because someone needs to rule on my case on the obvious facts and not emotions. Because the victim clearly stated on the record that I didn't hurt her, and she couldn't make up her mind on the stand as to where. Because Truth and Justice should always trump emotions and the fear of "what if."

(Doc. 1 at 20).

A. **Actual Innocence Standard**

Actual innocence, if proved, serves as a gateway through which a federal habeas petitioner may pass to overcome a statute-of-limitations bar to consideration of the merits of his constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway claims are rare." *Id*. The petitioner must make a threshold showing that satisfies the *Schlup* standard—the standard of proof governing procedural claims of actual innocence. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). The *Schlup* standard requires the habeas petitioner to demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 324, 326-27.

A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. at 324.

In addition, the "new" evidence "must do more than counterbalance the evidence that sustained the petitioner's conviction." *Rozzelle v. Sec'y, Fla. Dep't of*

*Corr.*, 672 F.3d 1000, 1016–17 (11th Cir. 2012). "The new evidence must be so significant and reliable that, considered with the trial record as a whole, it 'undermine[s] confidence in the result of the trial' such that 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. at 1017 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)); *see also Schlup*, 513 U.S. at 329 ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

**B.     Berlin's Evidence Does Not Satisfy the *Schlup* Standard**

The State's supplement addresses Berlin's claim of actual innocence. (Doc. 11). The supplement includes a copy of the trial transcript. (*Id*., Exs. A-C). The State asserts that the CPT physical examination report and the FDLE DNA report were part of discovery, but were not admitted into evidence at trial because the reports were hearsay. (Doc. 11 at 2). Instead, the jury heard the direct testimony of the CPT examiner, who described the contents of her report. (*Id*. and Ex. A). The jury also

heard the direct testimony of the DNA analyst, who described the contents of her report. (*Id*. and Ex. B).

Berlin responds that the fact that the reports themselves were not admitted at trial makes them "new" evidence. (Doc. 12 at 1-2). Berlin argues that the reports establish that he is actually innocent because:

> [T]the documents in question show that there was **NO CONTACT DNA** of any kind identifying the Petitioner. With no contact, there can be no Battery. (See two documents in question).
>
> Finally, Respondent[']s argument that a two-inch wide phallus created four individual ½ inch centimeter bruises in a single instance is beyond reasonable.
>
> As the documents were not part of the trial evidence, they support Petitioner's claim of new facts that would support a claim of actual innocence which would overcome a time bar limitations.

(*Id*. at 2).

The trial transcript confirms that the jury, which convicted Berlin of both counts of Sexual Battery, heard the substance of virtually all of Berlin's "new" evidence (the physical examination report and the DNA report). Lynn Steele was the CPT nurse who performed the physical examination of the victim on May 21, 2009. (Doc. 1, Attach. (CPT Physical Examination Report); Doc. 11-1, Ex. A at 166-95 (Trial Tr. of Steele Test.)). In her trial testimony, Steele went through her report and described the results of her physical examination, including the fact that she did not

observe any injuries to the victim's vagina, that all of the areas around the vagina appeared within normal limits, that the victim's hymen was intact, and that she observed four circular ecchymotic, black and blue areas on the rugae of the victim's anus which indicated trauma consistent with a history of sexual abuse. (Doc. 11-1, Ex. A at 168-80, 186-191, 196).

Suzanne Livingston was the FDLE analyst who performed DNA testing of buccal swabs obtained from Berlin and the victim, penile swabs obtained from Berlin, vaginal and anal swabs obtained from the victim, and the victim's bathing suit bottoms. (Doc. 1, Attach. (FDLE Report); (Doc. 11-2, Ex. B at 200-16 (Trial Tr. of Livingston Test.)). Livingston testified that there was no semen on the vaginal or anal swabs of the victim, and that there was no semen or blood on the victim's bathing suit bottoms. (*Id*. at 205-09, 215). Livingston also testified that she did not find the victim's DNA on the penile swab obtained from Berlin. (*Id*. at 205-09).

The written reports themselves add nothing to the information the jury already heard at trial. Despite the lack of DNA evidence, and despite the fact that the only observable injury on the victim was bruising on her anus, the jury found Berlin guilty of both counts of Sexual Battery. (Doc. 11-3, Ex. C at 403 (Jury Verdict)). The written reports, considered with "all the evidence, old and new," *House*, 547 U.S. at 538, do not demonstrate that "it is more likely than not that no reasonable juror

would have found [Berlin] guilty beyond a reasonable doubt" of two counts of Sexual Battery, *id.* at 537. *See, e.g., Rozzelle* at 1017 (holding that petitioner's evidence of actual innocence "fails because his 'new' evidence is largely cumulative of what the jury heard, and he has not made a sufficient showing that it is more likely than not that no reasonable juror would have convicted him of second-degree murder."); *Bousley*, 523 U.S. at 614 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Because Berlin has failed to overcome the statute-of-limitations bar, his untimely petition should be dismissed.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. 7) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Aaron Berlin*, Leon County Circuit Court Case No. 2009-CF-1690, be **DISMISSED WITH PREJUDICE** as time barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Pensacola, Florida, this <u>24th</u> day of March, 2021.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**